UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>TOWN/VILLAGE OF HARRISON, NEW YORK; FIRE DISTRICT TWO OF HARRISON, NEW YORK; HARRISON VOLUNTEER FIRE DEPARTMENT NO. 1 OF HARRISON, N.Y. d/b/a HARRISON FIRE DEPARTMENT,<br><br>        Defendants. | **CONSENT DECREE**<br><br>22 Civ. 04778 (CS) |

       WHEREAS, this Consent Decree resolves a civil action brought by Plaintiff, the United States of America (the "United States"), against defendants Town/Village of Harrison, New York (the "Town of Harrison"), Fire District Two of Harrison, New York (the "Harrison Fire District"), Harrison Volunteer Fire Department No. 1 of Harrison, N.Y. d/b/a/ Harrison Fire Department (the "Harrison Fire Department," and collectively, "Defendants"), to enforce Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended;

       WHEREAS, the Town of Harrison is a co-terminus town/village, duly chartered under the laws of the State of New York, located in Westchester County, New York, and contains five "fire districts";

       WHEREAS, the Town of Harrison's second fire district is the Harrison Fire District (as defined in this "Consent Decree"), includes the Town of Harrison's downtown area within its borders, and has elected to maintain its own fire department—the Harrison Fire Department—to provide firefighting services to the Fire District's residents.

       WHEREAS, in a complaint filed on June 8, 2022, the United States alleges that

1

Defendants, in violation of Title VII of the VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended, unlawfully discriminated against a female firefighter on the basis of her sex, and unlawfully retaliated against her after she complained about the actions of a male firefighter;

WHEREAS, this matter was initiated by the charge filed by Angela Bommarito ("Bommarito"), Charge Number 520-2017-00490, with the United States Equal Employment Opportunity Commission ("EEOC") on September 21, 2016;

WHEREAS, the EEOC investigated Bommarito's charge and found reasonable cause to believe that the allegations of sex discrimination, sexual harassment, and retaliation were true, and after the EEOC's attempts at conciliation through a voluntary resolution were unsuccessful, the EEOC referred the charge to the United States Department of Justice;

WHEREAS, upon the terms set forth below, the United States and Defendants have reached an agreement that is in the parties' best interests, and the United States believes that it is in the public interest, to resolve this action on mutually agreeable terms without further litigation. Accordingly, the parties agree to the entry of this Consent Decree without trial or adjudication of any issues of fact or law raised in the United States' complaint.

**It is hereby ORDERED, ADJUDGED, and DECREED as follows:**

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1345. The parties agree that venue is appropriate pursuant to 28 U.S.C. §§ 1391(b), 1395.

2. The United States has authority to initiate legal proceedings to enforce Title VII through litigation. 42 U.S.C. § 2000e-5(f).

3. The Town of Harrison, the Harrison Fire District, and the Harrison Fire

Department are each a "person" within the meaning of 42 U.S.C. § 2000e(a) and an "employer" within the meaning of 42 U.S.C. § 2000e(b).

4. The effective date of this Consent Decree is the date on which the Court enters the Consent Decree. This Consent Decree shall remain in effect for two years from its effective date. The Court shall retain jurisdiction to enforce this Consent Decree.

## II.   DEFINITIONS

5. For the purposes of this Consent Decree, "Employee" is defined as any individual employed by the Town of Harrison, including each and every department and subdivision of the Town of Harrison, on a full-time, part-time, volunteer, seasonal, or temporary basis, for wages, salary, or other remuneration.

6. For the purposes of this Consent Decree, the "Town of Harrison" includes all of its departments, including all of the departments identified on the Town of Harrison's webpage located at https://www.harrison-ny.gov/departments.

## III.   ADMISSIONS

7. Defendants admit, acknowledge, and accept responsibility for the following conduct (the "Admitted Conduct"):

   a. Bommarito applied to join the Fire Department in May 2015. At the time that Bommarito applied to the Fire Department, the Fire Department had no active female firefighters. In June 2015, the Fire Department accepted Bommarito's application and she joined the Fire Department, together with one other female volunteer firefighter.

   b. Defendants ultimately became aware that after Bommarito ended a relationship with Henry Mohr, a senior firefighter, Mohr continued to send Bommarito numerous text messages, repeatedly called her and followed her (including while driving a Fire Department official vehicle that was assigned to the Fire Department's Fire Chief), and repeatedly drove by her house. In addition, Bommarito reported to certain members of Fire Department leadership that Mohr

3

    used derogatory and gender-charged language in describing Bommarito, including by calling her a "whore" in front of other firefighters.

c. In late 2015 and early January 2016, Bommarito complained to certain members of Fire Department leadership about Mohr's harassment.

d. On January 18, 2016, Bommarito went to the Harrison Police Department and filed a report against Mohr.

e. After Bommarito filed her report against Mohr, then-Harrison Police Chief, Anthony Marraccini, investigated Bommarito's complaints. In that role, Marraccini met with Mohr. Marraccini told Mohr that Harrison had sufficient evidence to take action against Mohr. Marraccini also told Mohr that he wanted "to make sure this whole thing dies" and get Mohr "out of this whole situation." Marraccini said to Mohr that Bommarito's presence at the firehouse was a "temptation," which was "hard to resist sometimes." Marraccini also explained to Mohr that if Bommarito were to file a lawsuit against Mohr, Marraccini would tell Bommarito that that was "not the place for her" because, she "wasn't truthful" about the other relationships she was having."

f. On January 22, 2016, Marraccini met with Bommarito. During their meeting, Marraccini suggested that he could arrest Bommarito for her presentation of what Marraccini claimed was incomplete and false information to the Police Department regarding her relationship with Mohr. Marraccini also noted Bommarito's sexual relationships with other Harrison employees. Marraccini told Bommarito that he had to report this information to the Fire Commissioners unless Bommarito resigned. Marraccini prepared a resignation letter for Bommarito, which stated that she would resign from the Fire Department. Bommarito signed the resignation letter.

g. On February 2, 2016, Bommarito called the Fire Department's President and asked to withdraw her resignation. The President of the Fire Department called Bommarito later that day to inform her that the Police Chief had provided Bommarito's resignation letter to the Mayor, who had accepted it. During a Fire Department meeting that night, the Fire Department's leadership accepted her resignation. Defendants never took any disciplinary employment action against Mohr.

h. Following Bommarito's departure from the Fire Department, Mohr continued to harass and stalk Bommarito. On or about May 3, 2016, Mohr was arrested for his harassment of Bommarito. On or about July 19, 2016, Mohr pled guilty to

harassment in the second degree, in violation of New York Penal Law 240.26.03. On or about July 19, 2016, an order of protection was entered by a judge against Mohr on behalf of Bommarito, mandating that Mohr stay away from Bommarito.

## IV. INJUNCTIVE RELIEF

8. Defendants, by and through each of their officials, agents, and employees shall not engage in any act or practice that discriminates against any applicant for employment or employee in violation of Title VII, including creating and maintaining a hostile work environment on the basis of sex.

9. Defendants, by and through each of their officials, agents, and employees shall not engage in any act or practice that constitutes retaliation in violation of Title VII. Any action that might deter a reasonable person from asserting rights protected by equal employment opportunity laws because that person has engaged in protected activity, such as by opposing an unlawful employment practice or participating in an investigation into unlawful practices, constitutes retaliation. Opposition or participation may include, but are not limited to: filing a charge with the EEOC or any other federal or state agency authorized to receive complaints of discrimination or unlawful employment practices; making complaints to supervisors or Defendants' internal investigation units; or testifying, assisting, or participating in any manner in an investigation, proceedings, or hearing under Title VII, this case, or this Decree.

10. Defendants, by and through each of their officials, agents, and employees shall take appropriate disciplinary and remedial action following any investigation that reveals substantiated complaints of discrimination, including harassment on the basis of sex, or retaliation.

**Anti-Discrimination and Anti-Retaliation Policy**

11. Defendants shall maintain the written anti-discrimination and anti-retaliation policy, titled "Town of Harrison Anti-Discrimination and Anti-Retaliation Policy," which has been approved by the United States, and which includes, among other things, prohibitions on discrimination, sexual harassment, and retaliation, as well as provisions requiring objective fact-finding investigations into complaints of policy violations. Any modifications proposed by Defendants to such policy (including, but not limited to, any changes to the investigative procedures) must be submitted to the United States for review and approval during the pendency of this Consent Decree. Such approval by the United States shall not be unreasonably withheld.

12. The Town of Harrison Law department will provide information to the United States concerning the oversight of the Town of Harrison Anti-Discrimination and Anti-Retaliation Policy and will be responsible for ensuring that Defendants implement the relief required by this Decree.

13. Within thirty days of the entry of this Consent Decree, Defendants shall disseminate the Town of Harrison Anti-Discrimination and Anti-Retaliation Policy among all of Defendants' employees, supervisors, officials, and human resources or EEOC personnel involved in receiving or responding to complaints of discrimination and retaliation made by Defendants' employees, or otherwise providing oversight for enforcement of this policy within the Town of Harrison. Defendants shall publicize such policy by, among other things, posting it on all Town of Harrison and Harrison Fire Department intranet and internet websites used for posting notices or policy changes for or concerning policies in effect for the Town of Harrison, posting it in the Harrison Fire Department firehouse and each Town of Harrison building and department, publishing it in every Town of Harrison employee handbook, and distributing it by

email to all employees of the Town of Harrison and to all Harrison Fire Department firefighters. In the event an employee does not have an email account, Defendants shall provide a hard copy of the policy to the employee. In addition, Defendants shall ensure each new employee or volunteer who works in or with the Town of Harrison or Harrison Fire Department receives a copy of the approved policy at the time of the new employee's hire or new volunteer's start date. The Town of Harrison shall require all such employees and volunteers, current and new, to acknowledge that he or she has read and understands the policy. Acknowledgments required under this paragraph may be accomplished by electronic means, such as by e-signature or electronic confirmation. The signed acknowledgment shall be retained by the Town of Harrison in a retrievable fashion, whether within an electronic system designed for this purpose or within the employee's personnel file.

14. Within 30 days of the Town of Harrison and Harrison Fire Department's distribution of the Town of Harrison Anti-Discrimination and Anti-Retaliation Policy, Defendants shall provide the United States written verification that the Town of Harrison and Harrison Fire Department completed the distribution in the manner prescribed by paragraph 13.

15. On the day that the new policy is posted and disseminated, the Town of Harrison's Mayor and Board members will also make a joint statement to the Town of Harrison employees, to be published on all Town of Harrison and Harrison Fire Department intranet and internet websites used for posting notices or policy changes for or concerning policies in effect for the Town of Harrison, about the new policy and the importance of taking steps to prevent unlawful discrimination, harassment, and retaliation in the workplace, and include a link to this Decree. In addition, on the day that the new policy is posted and disseminated, the Chief of the Fire Department will also provide a statement, to be published on the Harrison Fire Department

intranet and internet websites, to the Fire Department's firefighters about the new policy and the importance of taking steps to prevent unlawful discrimination, harassment, and retaliation in the workplace, and include a hyperlink to this Decree.

**Required Trainings**

16.     Within 90 days of the Effective Date, Defendants, at their own cost, shall provide the Harrison Fire Department's supervisors, and the Town of Harrison's supervisors, Human Resources personnel, Investigators, and other appropriate individuals or entities identified in the updated policies and procedures, and any other Town of Harrison employee who is involved in receiving, investigating, or resolving complaints of discrimination and retaliation made by an employee of the Town of Harrison, a mandatory, live (in person or virtually via internet-based video conferencing), interactive training on prohibited employment practices under Title VII and on Defendants' anti-discrimination and anti-retaliation policy and investigation procedures as developed or revised under this Decree. The training will be provided by an independent party. Defendants shall make good faith efforts to ensure that the training complies with applicable law.  Within thirty days of the training, Defendants shall submit to the United States, for review and approval, which approval shall not be unreasonably withheld, professional, biographical information about the trainer(s) and the training materials to be used. If the United States has any objection to the Defendants' training, including the materials or the proposed trainer(s), the United States will so notify Defendants in writing within 10 days of receipt of the proposed training program and materials. While the United States generally will not withhold its approval of the Defendants' training materials, absent good cause, such approval may be subject to suggested revisions to the training materials. Regarding any timely made objections by the United States, the parties agree to make a good faith effort to confer regarding

any disagreements concerning the training, materials, or trainer(s) prior to initiating the dispute resolution provisions of this Consent Decree.

17.     Defendants shall provide the training referenced in paragraph 16 at their own cost, on an annual basis, which may be given by one of Defendants' employees.

18.     Within 30 days following the completion of the trainings required by paragraphs 16 and 17, Defendants shall provide the United States written verification that the trainings have been completed and that all Town of Harrison employees and personnel designated by Defendants as being responsible for either receiving or investigating complaints of discrimination or retaliation attended such trainings.

19.     All persons who undergo the above-described mandatory training shall sign or register electronically an acknowledgment of attendance at the training. The Town of Harrison shall keep on file all signed/registered acknowledgments for the term of this Decree and make them available for review by the United States upon reasonable notice of at least ten business days.

## II.     NOTIFICATION AND DOCUMENT RETENTION REQUIREMENTS

20.     While the Decree remains in effect, Defendants shall retain necessary records to implement this Decree. Defendants shall permit the United States to review compliance with this Decree at any time, upon reasonable notice of at least ten business days.

21.     While the Decree remains in effect, Defendants will retain all records, including any papers, electronic files or writings of any kind, reports, studies, memoranda, letters, notes, charts, tables, rosters, manuals, guidelines, rules, lists, tabulations, press releases, books, articles, treatises, recordings or transcriptions of minutes, electronic files, machine readable format files, computer files, or audio or video recordings, electronic mail, and facsimiles, that come into its possession relating to:

a. Complaints or charges of discrimination or retaliation, and/or complaints concerning the use of any Fire Department vehicles made by any employee of Defendants: (1) internally within Harrison (including any of its agencies), the Harrison Fire Department, or the Fire District; (2) with the EEOC; or (3) through or with any other federal or state agency authorized to receive such complaints.

b. Any resulting investigation or disciplinary action taken related to the complaints referred to in paragraph 21(a), or relating to any other investigation or disciplinary action concerning Fire Department vehicle use. This provision applies to any claims that arise from the effective date of this Decree through the term of this Decree as defined in paragraph 4 of this Decree. Defendants shall provide, when applicable: the name(s) and title(s) of individual(s) who conducted or are conducting the investigation; an estimate of when the investigation is expected to conclude; the steps taken during the investigation; name(s) of individual(s) interviewed; the findings of the investigation; the date the investigation was concluded; any corrective action or discipline given; and a description of Defendants' efforts to ensure that the accountability measures for supervisors and managers implemented under paragraph 11 are carried out.

c. Defendants will provide copies of such records to the United States on a semi-annual basis related to such complaints or charges, completion of any investigation taken related to such complaints or charges, findings related to such complaints or charges, and any disciplinary action taken related to such complaints or charges. The United States will have the right to request all documents related to such complaints or charges, or disciplinary action taken

related to such complaints or charges, upon reasonable notice to the Town of Harrison without further order of this Court.

### III.     HARRISON FIRE DEPARTMENT OPERATIONS

22.     Defendants have conducted an evaluation on how the Harrison Fire Department could improve its facilities to ensure equal access to amenities and features for all firefighters, regardless of gender or sex. This evaluation, conducted in conjunction with a partial renovation of the Harrison Fire Department firehouse, has resulted in additional facilities and features to be provided to female firefighters.

23.     Any modifications to the Harrison Fire Department facilities subsequent to the entry of this Consent Decree (other than modifications already in progress) shall be submitted to the United States for its review. If the United States has any objection to the Town of Harrison's proposal, the United States will so notify Defendants in writing within 30 days of receipt of the proposal. While the United States generally will not withhold its approval of the Town of Harrison's proposal, absent good cause, such approval may be subject to suggested and feasible revisions. Regarding any timely made objections by the United States, the parties agree to make a good faith effort to confer regarding any disagreements concerning the proposal prior to initiating the dispute resolution provisions of paragraph 29.

**Use of Harrison Fire Department Vehicles**

24.     The Harrison Fire Department shall, within 120 days of the Effective Date, revise Article XIV, Section 8, of its By-Laws so that it reads: "All Fire Department members will follow and abide by the Town/Village of Harrison Vehicle Use Policy. Any violations of this policy will result in appropriate disciplinary action against any Fire Department member who violates this policy. Based on the seriousness of the offense, such discipline may include verbal

or written reprimand, suspension, demotion, the loss of employment, and/or the loss of volunteer opportunities and accompanying benefits. The Board of Fire Commissioners shall be responsible for the enforcement of the Vehicle Use Policy."

25.     Any proposed modifications by Defendants to this provision of the Fire Department's by-laws must be reviewed by the United States.  If the United States has any objection to the Harrison Fire Department's proposed revision, the United States will so notify Defendants in writing within 30 days of receipt of the proposal. While the United States generally will not withhold its approval of the Harrison Fire Department's proposed policy, absent good cause, such approval may be subject to suggested revisions. Regarding any timely made objections by the United States, the parties agree to make a good faith effort to confer regarding any disagreements concerning the proposed policy prior to initiating the dispute resolution provisions of paragraph 43.

**Information Sharing and Conflict of Interest Policies**

26.     The Harrison Police Department shall maintain the written policy entitled Personal Conduct: Rules of Conduct, which has been reviewed by the United States. This policy includes limitations on the disclosure of non-public sensitive information obtained by Harrison Police Department employees in connection with criminal investigations.  Any proposed modifications by the Harrison Police Department to any components of this policy relating to the disclosure of non-public sensitive information obtained in criminal investigations must be reviewed by the United States.

27.      If the United States has any objection to the Harrison Police Department's proposed policy, the United States will so notify Defendants in writing within 30 days of receipt of the proposal. While the United States generally will not withhold its approval of the Harrison

Police Department's proposed policy, absent good cause, such approval may be subject to suggested revisions. Regarding any timely made objections by the United States, the parties agree to make a good faith effort to confer regarding any disagreements concerning the proposed policy prior to initiating the dispute resolution provisions of paragraph 30. Within 30 days from the date that either the United States has no further objections or the dispute resolution process in paragraph 30 has concluded, Defendants shall adopt and implement the policy.

### IV. INDIVIDUAL RELIEF FOR ANGELA BOMMARITO

28. In settlement of the claims of the United States for relief on behalf of Ms. Bommarito and in consideration of her signed General Release (attached as Exhibit A), Defendants shall pay a total amount of $425,000, which shall consist of: (1) an up-front cash payment to Ms. Bommarito; and (2) a sum to fund the purchase of an annuity contract to pay future periodic payments to Ms. Bommarito and her attorney (for reasonable attorneys' fees). The terms of the structured settlement will be set forth in a separate structured settlement agreement between Ms. Bommarito and the Defendants. Creative Capital is the structured settlement broker of record that will be placing the annuity. Defendants shall pay the total amount set forth above within four weeks of the execution of the separate structured settlement agreement between Ms. Bommarito and the Defendants. The Town of Harrison shall provide documentary evidence of having paid the total amount upon request by the United States.

29. Should Ms. Bommarito require an official employment reference in the future, she must request the reference from the Chief of the Harrison Fire Department. The Harrison Fire Department shall then provide neutral employment references for Ms. Bommarito that state only her dates of tenure as a firefighter and job title when communicating with prospective employers or any third party seeking a reference for her. Within 15 days of receipt by the Town

of Harrison of Ms. Bommarito's Release (Appendix A), Defendants shall provide Ms. Bommarito a letter of reference on Harrison Fire Department letterhead for her personal use that contains this same information. Defendants, including any employee of the Town of Harrison or member of the Harrison Fire Department, shall not provide any negative employment reference for Ms. Bommarito and shall not make any disparaging remarks about Ms. Bommarito. Defendants shall not provide to any prospective employer any documents related to any facts underlying the allegations in the United States' complaint or EEOC Charge Number 520-2017-00490, and shall not refer in any way to the United States' filing of this lawsuit or to Ms. Bommarito's lodging of an internal complaint or EEOC charge against Defendants when communicating with a potential employer, unless the potential employer requests that Harrison personnel acknowledge the existence of the lawsuit and/or complaint at which time Harrison personnel may send a copy of this Consent Decree and provide no further information.

## V.   DISPUTE RESOLUTION

30.     The parties shall attempt to resolve informally any dispute that may occur under this Decree. The parties shall engage in good faith efforts to resolve the issue before seeking action by the Court. If the parties are unable expeditiously to resolve the issue, any party may move the Court for resolution, provided that written notice is first provided to the other party at least seven days in advance of taking such action. However, in the event of a failure by Defendants to perform, in a timely manner, any act required by this Consent Decree or otherwise for any failure to act in conformance with any provision thereof, the United States may move this Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring performance of such act or deeming such act to have been performed, and an award of any damages, costs, and reasonable attorney's fees which may have been occasioned by the violation or failure to perform.

## VI.  DURATION OF CONSENT DECREE AND TERMINATION OF LEGAL ACTION

31.     Unless otherwise ordered by this Court, and absent the pendency of any motion related to this Decree, and subject to the provisions of paragraph 26, this Decree shall expire without further order of the Court two years from the effective date and the jurisdiction of the Court over the parties under this case shall terminate.

32.     The Court shall retain jurisdiction for the duration of this Consent Decree to enforce the terms of the Consent Decree. The United States may move the Court to extend the duration of the Consent Decree or in the interests of justice. The duration of the Consent Decree also may be extended by the mutual written agreement of the United States and Defendants.

## VII.  TIME FOR PERFORMANCE

33.     Any time limits for performance imposed by this Consent Decree may be extended by the mutual written agreement of the United States and Defendants.

## VIII.  MISCELLANEOUS

34.     The United States and Defendants will each bear their own costs and attorney's fees associated with this litigation.

35.     The United States and Defendants understand and agree that this Consent Decree and the appendices thereto contain the entire agreement between them, and that any statements, representations, promises, agreements, or negotiation, oral or otherwise, between the parties or their counsel that are not included herein shall be of no force or effect. The undersigned apply for and consent to the entry of this Consent Decree:

*For the United States:*

DAMIAN WILLIAMS
United States Attorney

By: _____

CHARLES S. JACOB
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York  10007
(212) 637-2725
charles.jacob@usdoj.gov


*For the Defendants:*

**KATTEN MUCHIN ROSENMAN LLP**

By: _____

Scott A. Resnik
Michael M. Rosensaft
Elizabeth D. Langdale
50 Rockefeller Plaza
New York, New York 10020
(212) 940-8800
scott.resnik@katten.com
michael.rosensaft@katten.com
elizabeth.langdale@katten.com


SO ORDERED:    *Cathy Seibel*                    6/21/23

_____
HON. CATHY SEIBEL
UNITED STATES DISTRICT JUDGE


The Clerk shall close the case.

16

# Exhibit A

# GENERAL RELEASE

**KNOW THAT I, ANGELA BOMMARITO,** date of birth ▮▮▮▮▮▮▮▮, as **RELEASOR**, in consideration of future periodic payments and an up-front cash payment (as described in a separate Structured Settlement Agreement) at a total cost in the sum of Four Hundred Twenty-Five Thousand Dollars and Zero Cents ($425,000.00) to be paid by the Town of Harrison, do hereby release and discharge Defendants Town/Village of Harrison, New York; Fire District Two of Harrison, New York; Harrison Volunteer Fire Department No. 1 of Harrison, N.Y. d/b/a Harrison Fire Department (collectively, the "Town"); their successors or assigns; and all of their past or present officials, employees, volunteers, supervisors, attorneys, members, representatives, agents, servants, and administrators, collectively the "**RELEASEES,**" from any and all liability, actions, causes of action, suits, damages, judgments, claims, and demands whatsoever, known or unknown, in law or in equity, alleging a violation of my civil rights, including but not limited to my rights under Title VII of the Civil Rights Act of 1964, any right provided for by the New York State Human Rights Law, and any and all related state, administrative, and common law claims, from the beginning of the world to the date of this General Release, including claims for costs, expenses, and attorneys' fees.  As RELEASOR, I further release the Town's insurance carriers from any liability, actions, causes of action, suits, damages, judgments, claims, and demands whatsoever, known or unknown, arising out of or related to the claims or allegations made in the Complaint in *U.S. v. Town/Village of Harrison, et al.*, 22 Civ. 4778 (CS), or arising out of or related to the charge filed by RELEASOR, Charge Number 520-2017-00490, with the United States Equal Employment Opportunity Commission on September 21, 2016.

      **THIS GENERAL RELEASE** may not be changed orally.

      **THE UNDERSIGNED** has read the foregoing **GENERAL RELEASE, has consulted with counsel,** and fully understands it.

**IN WITNESS WHEREOF**, the **RELEASOR has executed this GENERAL RELEASE**
on the ____ day of June, 2023

                                                     _____
                                                     ANGELA BOMMARITO

## ACKNOWLEDGEMENT

STATE OF _____ )
                              )ss.:
COUNTY OF _____ )

       On June _____, 2023, before me, the undersigned, a notary public in and for said state, personally appeared ANGELA BOMMARITO, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within Release and acknowledged to me that she executed the same in her capacity, and that by her signature on the within Release, the individual or the person upon behalf of which the individual acted, executed the Release.

Sworn to before this ____day of June, 2023

_____
Notary Public